**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3159

UNITED STATES OF AMERICA

v.

ALRIC THOMAS,
Appellant

On Appeal from the District Court
of the Virgin Islands
District Court  No. 3-04-cr-00154-012
United States District Judge: The Honorable James T. Giles

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 3, 2010

Before: SMITH, CHAGARES, and JORDAN, *Circuit Judges*

(Filed:    May 13, 2010)

OPINION

SMITH, *Circuit Judge*.

I.

Alric Thomas was involved in an elaborate cocaine smuggling ring at the

Cyril E. King Airport on St. Thomas, U.S. Virgin Islands.[1]  On several occasions, Thomas delivered to Meleek Sylvester, an indicted co-conspirator who agreed to cooperate with the Government, a suitcase filled with cocaine, along with cash. Sylvester kept the cash in exchange for his efforts in ensuring that the cocaine made it into the right hands at the Airport, and eventually to the mainland United States via the cargo holds of commercial flights.  When Thomas received word that the cocaine had arrived safely, he contacted Sylvester and let him know that "everything is blessed," meaning the cocaine had arrived at its destination.

At trial, during Thomas's opening statement, his attorney introduced him as a 36-year-old paraplegic who will remain bound to a wheelchair.  The District Court sustained a Government objection and then asked the attorney who would testify to those facts.  The Court went on to state that, because Thomas's counsel was not commenting on what the Government's evidence would show, but rather what he intended to prove, he had an obligation to state who the witnesses would be who would offer such testimony.  Thomas later made a motion for a mistrial based on the Court's remarks, which was denied.

During the evidentiary phase of the trial, the Court several times interjected during the Government's examination of witnesses.  At the end of the trial, the

---

[1] Because we write only for the parties, we presume familiarity with the record and recite the facts only briefly.

jury foreperson read the unanimous verdict, which was guilty as to all defendants as to all counts. The Court then sent the jury back to deliberate as to the amount of cocaine involved. At some point, the Court was made aware that Juror #6 believed the verdict not to be unanimous. It sent the jury back to determine whether it did indeed have a unanimous verdict. After denying several motions for mistrial, the Court eventually excised Thomas's codefendant Roy Brewley from the indictment and verdict. Thomas was later sentenced to 214 months in prison.

Thomas appeals from the judgment entered by the District Court, arguing that several of its rulings and decisions were in error, and his sentence unlawful. The District Court had subject matter jurisdiction under 48 U.S.C. § 1612(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.

Thomas raises five arguments on appeal. First, he argues that the District Court improperly interfered with his opening statement, necessitating a mistrial, when it prevented Thomas's counsel from discussing Thomas's paralysis without stating who would put such information into evidence. Thomas also asserts that this violated the Fifth Amendment's bar on comments on a defendant's right not to testify. The denial of a mistrial is reviewed for abuse of discretion, while constitutional claims are reviewed *de novo*. *United States v. Diaz*, 592 F.3d 467,

3

470 (3d Cir. 2010) (mistrial); *United States v. Gordon*, 290 F.3d 539, 546 (3d Cir. 2002) (constitutional claim).

We see no error. It was no abuse of discretion to deny the motion for a mistrial after reining in an obvious plea for sympathy. Also, there was no comment on Thomas actually testifying. Rather, the District Court asked who would testify to the assertions the attorney was making; the exchange made it seem like a different witness would so testify.

The second claim of error is that the District Court coerced a verdict by giving a "repeated *Allen* charge" after Juror #6 switched her vote. Thomas offers no argument of his own on this, but simply adopts the arguments as made by two of his co-defendants in their separate appeals. Essentially the charge is that there was an apparent coercive atmosphere and evidence of juror misconduct, though neither is described in any detail. Again, denying a mistrial is reviewed for abuse of discretion. *Diaz*, 592 F.3d at 470.

First, there was no *Allen* charge here, modified or otherwise. Second, the verdict as to Thomas was announced and recorded before Juror #6 changed her vote and before the District Court ordered the jury to continue deliberating. There was no effect on the verdict as to Thomas, because the original verdict, the poll surrounding Juror #6's issue, and the verdict afterward all reflected a guilty verdict for Thomas on all Counts. There was no coercion of the jury or error in failing to

4

grant the mistrial.

Thomas's third claim of error is that the District Court was partial toward and acted as an advocate for the prosecution. The conduct of a court in interrogating witnesses is reviewed for an abuse of discretion. *Chainey v. Street*, 523 F.3d 200, 222 (3d Cir. 2008). This is a deferential standard, and reversal is warranted only when the judge's conduct is "inimical and partisan, clearly evident and prejudicial. In each case there must be something more to justify a retrial than a mere suspicion. It must appear plain and clear." *Riley v. Goodman*, 315 F.2d 232, 235 (3d Cir. 1963), *quoted in Chainey*, 523 F.3d at 222. Each case must be evaluated on its own facts to determine whether the District Court's conduct was so prejudicial as to deprive the defendant of a fair trial. *United States v. Beaty*, 722 F.2d 1090, 1093 (3d Cir. 1983).

After reviewing the record, we conclude that the District Court never crossed the boundary from impartial adjudicator to advocate for the Government. Keeping in mind the above standard, and also the fact that "[i]n our federal system the trial judge has the duty to discover the truth, elicit material facts, clarify testimony, *and expedite the trial as much as possible*," *Riley*, 315 F.2d at 235 (emphasis added); *see also* Fed. R. Evid. 611(a) & 102, we conclude that the District Court never engaged in conduct so prejudicial that it deprived Thomas of a fair trial. *See Beaty*, 722 F.3d at 1093.

5

The fourth claim of error is that Thomas was prejudiced by the Government's proof of multiple, separate conspiracies despite charging a single conspiracy in Count 1 of the Indictment. In the context of this case, this is essentially a sufficiency of the evidence argument, *i.e.*, that no rational juror could have found that Thomas was a member of a conspiracy as charged. In reviewing the sufficiency of the evidence, we "must affirm the conviction[] if a rational trier of fact could have found the defendant[] guilty beyond a reasonable doubt and the conviction[ is] supported by substantial evidence." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990). To establish a conspiracy, the Government must prove beyond a reasonable doubt "(1) a shared unity of purpose, (2) an intent to achieve a common illegal goal, and (3) an agreement to work toward that goal, which [the defendant] knowingly joined." *United States v. Boria*, 592 F.3d 476, 481 (3d Cir. 2010) (citation omitted). "The Government need not prove that each defendant knew all of the conspiracy's details, goals, or other participants. However, the Government must proffer sufficient evidence from which a jury could conclude that the drug transaction in which [the Appellant was] involved in was a step in achieving the conspiracy's common goal of distributing cocaine for profit." *United States v. Perez*, 280 F.3d 318, 343 (3d Cir. 2002) (citation and quotation omitted). The Government can prove that a supplier is a member of a conspiracy by establishing that the supplier has "knowledge that she or he was part

6

of a larger operation." *Id.* (quotation omitted).

Here, the evidence unquestionably established that Thomas was a supplier

of cocaine to others who were part of a larger conspiracy. He delivered the

cocaine to conspirator-turned-informant Sylvester, and then later contacted him

once "everything was blessed." Obviously, Thomas was cognizant that Sylvester

and others worked to ensure that the cocaine was stowed aboard flights bound for

the mainland United States. His lack of knowledge about any details or other

members of the conspiracy does not necessarily turn the operation at the Cyril E.

King Airport into multiple conspiracies. On the record provided, a rational jury

could have found Thomas guilty beyond a reasonable doubt as to Count 1.[2]

Thomas's final claim of error is that the District Court "imposed an

unreasonable sentence." He argues that the District Court did not consider that a

lesser, non-guideline sentence would be more appropriate for a person in his

physical condition, that is, one who is both bound to a wheelchair and in need of

extensive medical services. We will treat this as an attack both on the procedure

and substance of the sentence.

Review of a sentence proceeds in two steps. First, we ensure that the

---

[2] To the extent that there was evidence at trial of more than one conspiracy, we detect no unfair prejudice to Thomas in interconnected conspiracies being the subject of proof in the case. Thomas himself was on sufficient notice of the conspiracy with which he was charged and for which he was ultimately convicted.

district court committed no procedural error, such as "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

Thomas's allocution contained discussion of his medical condition. The District Court then explicitly addressed the sentence imposed with respect to the condition. It said that it "has given him some credit against the top end of the guidelines range, because, given the nature of his condition, it will be tougher for him to serve whatever time it is than it will be for someone who does not have that kind of condition." It also "balanced the natural sympathy that one should have for a person in his situation against the seriousness of the offense, and the penalties that are borne by others, who are able-bodied, who commit the same kind of offense." Relating to the offense in general, the Court found that Thomas was responsible for 94.3 kilograms of cocaine, which "equates, in this Court's opinion, to a whole lot of crime, drug use, but also violence associated with drug trafficking." Based on the argument regarding any procedural error, we see no error. The District Court clearly considered both the crime at issue and Thomas's

8

unique circumstances, especially his medical needs. It not only recommended to the Bureau of Prisons that he be housed in a medical facility to serve his time, but also directed the marshals to bring to the attention of the facility "those concerns that have been voiced here today by this defendant."

Turning now to the substance of the sentence, Thomas received 214 months' imprisonment. The Government's brief matter-of-factly states that "Thomas' sentence of 214 months imprisonment is appreciably lower than the bottom of the recommended Guidelines range." This is flat-out wrong. The Pre-Sentence Report contained in the record calculated the recommended imprisonment range at 235 to 293 months. However, at the sentencing hearing held one-and-a-half years after the PSR was prepared, the transcript of which appears in the appendix, the District Court rejected the recommendation for a two-point role enhancement. The Guidelines range calculated by the District Court—the one taken into account at sentencing and the one that matters on appeal—was 188 to 235 months. Thus, Thomas's sentence is right in the heart of it, nowhere near any point that can be described as "appreciably lower than the bottom of the recommended Guidelines range."

That said, we conclude that this sentence was reasonable. Thomas supplied 10 kilograms of cocaine at a time to Sylvester on numerous occasions and was held responsible for over 94 kilograms in the conspiracy. Thomas has not shown

that 214 months is greater than necessary to achieve the goals of sentencing. 18 U.S.C. § 3553(a).

## III.

We will affirm the judgment of the District Court.